IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: **09-60609-CIV-DIMITROULEAS/SNOW**

| | |
|---|---|
| **RECKITT BENCKISER, INC.** : | |
| : | PUBLIC VERSION |
| Plaintiff, : | |
| v. : | |
| : | |
| **WATSON LABORATORIES, INC. - FLORIDA** and **WATSON PHARMACEUTICALS, INC.** : | |
| : | |
| Defendants. : | |
| : | |

**MOTION TO DISMISS AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT OF SPECIALLY-APPEARING
DEFENDANT WATSON PHARMACEUTICALS, INC.'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**INTRODUCTION AND NATURE OF THE PROCEEDINGS**

By this motion, Defendant Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals") moves for an order to dismiss Plaintiff's complaint against it. This case is a patent-infringement action brought pursuant to 35 U.S.C. § 271(e)(2)(A) by Reckitt Benckiser, Inc. ("Reckitt") against two entities - Watson Pharmaceuticals and Watson Laboratories, Inc. - Florida ("Watson Laboratories - Florida"). In its Complaint filed on April 24, 2009 (Case No. 09-60609-CIV), Reckitt alleges, *inter alia*, that both Watson Laboratories - Florida and Watson Pharmaceuticals infringed U.S. Patent Nos. 6,372,252 ("the '252 patent") and 6,955,821 ("the '821 patent") which relates to generic version of Reckitt's guaifenesin and dextromethorphan HBr/guaifenesin extended release tablets marketed under brand names Mucinex® and Mucinex® DM respectively.

Reckitt, however, overreaches when it attempts to pull Watson Pharmaceuticals, a twice removed parent company, into this lawsuit. Being a member of the same corporate structure is not sufficient grounds to make Watson Pharmaceuticals an appropriate defendant for this Hatch-Waxman type of patent infringement suit.

This lawsuit was brought because Watson Laboratories - Florida filed Abbreviated New Drug Applications ("ANDAs") with the FDA for approval of generic versions of drugs sold by Reckitt. Because there is no allegation in the Complaint that Watson Pharmaceuticals filed the ANDAs - which it did not - Watson Pharmaceuticals is simply not a proper defendant.

Nor can Reckitt cure this deficiency by arguing that its Complaint states a claim for induced infringement against Watson Pharmaceuticals under 35 U.S.C. § 271(b). An "inducement" action is unavailable to Reckitt. In particular, Reckitt has pled that Watson Pharmaceuticals "directed, authorized, participated in, assisted and cooperated with Defendant Watson Laboratories, Inc. - Florida in all of the acts complained of herein." (Complaint at ¶ 5). However, the act complained of here is that Watson Laboratories - Florida filed ANDAs under 21 U.S.C. §355(j), in order to obtain approval of its generic drug products. (Complaint at ¶¶ 24 and 25). Courts have already found that an action for aiding and abetting the filing of an ANDA is unavailable. *AstraZeneca v. Mylan Labs., Inc.,* 265 F. Supp.2d 213, 217 (S.D.N.Y. 2003); s*ee also Pfizer Inc. v. Ranbaxy Labs. Ltd*., 321 F. Supp. 2d 612, 616 (D. Del. 2004). Thus, Reckitt's Complaint does not - and cannot - allege the critical facts necessary to state a claim for direct or induced infringement against Watson Pharmaceuticals.

Four days before filing this action, Reckitt filed a similar complaint in the Southern District of New York against the same parties. (Exhibit 1). Florida, however, is the proper jurisdiction to resolve the present dispute, which is why Watson Laboratories - Florida answered

Reckitt's Complaint there on May 1, 2009. However, whether in Florida or New York, Watson Pharmaceuticals has no place in this Hatch-Waxman dispute because it did not file the ANDAs, and it has filed a Motion to Dismiss in New York as well.

## STATEMENT OF FACTS

On December 3, 2008, Watson Laboratories - Florida filed ANDA No. 91-009 with the FDA seeking approval to manufacture and sell a generic version of Mucinex®. (Declaration of Patrick Brunner, attached as Exhibit 2, at ¶ 6). On December 16, 2008, Watson Laboratories - Florida filed ANDA No. 91-070 with the FDA seeking approval to manufacture and sell a generic version of Mucinex® DM. (Declaration of Patrick Brunner, attached as Exhibit 2, at ¶ 7). Neither of the ANDAs referenced Watson Pharmaceuticals. (Declaration of Patrick Brunner, attached as Exhibit 2, at ¶ 10). On March 11, 2009, Watson Laboratories - Florida sent notice letters to Reckitt informing them that Watson Laboratories - Florida, not Watson Pharmaceuticals, had filed ANDA Nos. 91-009 and 91-070 and that each ANDA contained a Paragraph IV certification. (Declaration of Patrick Brunner, attached as Exhibit 2, at ¶ 9).

On April 20, 2009, Reckitt filed a Complaint in the Southern District of New York naming both Watson Pharmaceuticals and Watson Laboratories - Florida. (Exhibit 1). Four days later, on April 24, 2009, Reckitt filed a similar complaint in the Southern District of Florida. The Complaint alleged that Watson Pharmaceuticals and Watson Laboratories - Florida committed acts of infringement pursuant to 35 U.S.C. § 271(e)(2)(A) by filing ANDA Nos. 91-009 and 91-070 with Paragraph IV certifications. (Complaint at ¶¶ 24 and 25). The Complaint further alleged that the products which are the subject of ANDA Nos. 91-009 and 91-070 will infringe at least one of the '252 patent claims and at least one of the '821 patent claims. (Complaint at ¶¶ 22 and 23).

In its notice letters to Reckitt, Watson Laboratories' - Florida offered Reckitt access to the ANDAs that are the basis for this lawsuit.  A review of the ANDAs would have confirmed for Reckitt that Watson Laboratories - Florida was indeed the entity that filed ANDA.  However, Reckitt failed to access to this information.

Watson Pharmaceuticals is a Nevada corporation, with its principle place of business in Corona, California.  Watson Pharmaceuticals is a public company whose stock trades on the New York Stock Exchange under the symbol WPI.  Watson Pharmaceuticals acts as a holding company and has not, does not and will not itself submit ANDAs to the FDA or manufacture, sell or distribute any products submitted for approval under ANDAs.  (See Declaration of Pamela Davis, attached as Exhibit 3, at ¶¶ 4 and 5).  Andrx Corporation, a Delaware corporation, is a wholly-owned subsidiary of Watson Pharmaceuticals.  (*See* Declaration of Pamela Davis, attached as Exhibit 3, at ¶ 7).

Defendant Watson Laboratories - Florida is a Florida corporation, with a principle place of business at 4955 Orange Drive, Davie, Florida 33314.  Watson Laboratories – Florida is a wholly-owned subsidiary of Andrx Corporation.  Although Watson Laboratories - Florida has some common officers and a common director with Watson Pharmaceuticals.  (Declaration of Pamela Davis, attached as Exhibit 3, at ¶ 10).  Watson Pharmaceuticals does not control the day-to-day operational decisions at Watson Laboratories or Andrx Corporation.  (Declaration of Pamela Davis, attached as Exhibit 3, at ¶¶ 11 and 12).

Reckitt's Complaint charges the defendants with infringement of the '252 and '821 patents.  (*See, e.g.* Complaint at ¶¶ 22-25).  Reckitt, however, does not explicitly allege that Watson Pharmaceuticals submitted the ANDAs at issue.  The Complaint alleges that the collective "Watson" submitted and filed ANDA Nos. 91-009 and 91-070.  (Complaint at ¶¶ 17,

18).   In this regard, Reckitt alleges that Watson Pharmaceuticals "directed, authorized, participated in, assisted and cooperated with defendant Watson Laboratories - Florida in all of the acts complained of herein." (*See, e.g.,* Complaint at ¶ 5).

## ARGUMENT

**I.   THIS COURT SHOULD DISMISS RECKITT'S CLAIMS PURSUANT TO RULE 12(B)(6)**

Watson Pharmaceuticals did not file ANDA Nos. 91-009 and 91-070, which are the subjects of the current action.  Therefore, as a matter of law, Watson Pharmaceuticals must be dismissed from this lawsuit.  To avoid dismissal, the United States Supreme Court requires a plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *See also ATSI Commc'ns., Inc. v. Shaar Fund*, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp.*, 127 S. Ct. at 1969. Under the Court's standard, a claimant must plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.  Conclusory allegations are not sufficient to avoid dismissal. In the present case, Reckitt has not asserted (and cannot assert) facts sufficient to state a claim for relief against Watson Pharmaceuticals.

Watson Pharmaceuticals is merely a holding company.  Reckitt's Complaint does not (and could not) assert that Watson Pharmaceuticals submitted the ANDAs at issue.  The submission of an ANDA is only an artificial, hypothetical, technical act of infringement. A party that did not submit the ANDA at issue cannot be held liable as a direct infringer under 35 U.S.C. § 271(e)(2)(A).   Indeed, the statute expressly limits liability to the ANDA applicant only, providing that "[i]t shall be an act of infringement to *submit*…an application under section 505(j)

of the Federal Food, Drug, and Cosmetic Act . . . ." 35 U.S.C. § 271(e)(2)(A) (emphasis added); *See also, Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1349 (Fed. Cir. 2004); *SmithKline Beecham Corp. v. Geneva Pharms., Inc.*, 287 F. Supp. 2d 576, 584-85 (E.D. Pa. 2002) ("*Geneva*"); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 2001 U.S. Dist. LEXIS 1935, *8-10 (N.D. Ill. Feb. 20, 2001) ("*Pentech*"). Therefore, Reckitt is not entitled to relief against Watson Pharmaceuticals for direct infringement under 35 U.S.C. § 271(e)(2)(A).

In addition, although not specifically pled, Reckitt also is not entitled to relief against Watson Pharmaceuticals for inducement of infringement under 35 U.S.C. § 271(b). "[W]hether the submission of an ANDA was induced is not the proper subject of a Hatch-Waxman action." *AstraZeneca v. Mylan Labs., Inc.,* 265 F. Supp.2d 213, 217 (S.D.N.Y. 2003).

> A. **Reckitt Has Not Alleged And Cannot Allege Any Set of Facts Entitling It to Relief Under 35 U.S.C. § 271(e)(2)(A)**

Reckitt's Complaint does not allege that Watson Pharmaceuticals itself submitted ANDA No. 91-009 or ANDA No. 91-070 to the FDA. This omission is fatal to Reckitt's claim against Watson Pharmaceuticals. The fact that Watson Laboratories - Florida was the ANDA filer and thus the only Watson entity properly subject to suit is clear from the face of the ANDAs. This fact was also made clear in the notice letters Watson Laboratories - Florida sent informing Reckitt that the ANDA filings each contained a Paragraph IV certification under the Hatch-Waxman Act. For this reason alone, Reckitt's Complaint against Watson Pharmaceuticals should be dismissed. *See Geneva*, 287 F. Supp. 2d at 584-85; *Pentech*, 2001 U.S. Dist. LEXIS 1935, at *8-10.

Moreover, Reckitt's allegations that Watson Pharmaceuticals "directed, authorized, participated in, assisted and cooperated … in all of the acts complained of" (*See, e.g.,* Complaint at ¶ 5) are insufficient to support the claim that Watson Pharmaceuticals is properly named in

this suit. The courts in both *Geneva* and *Pentech*, under similar circumstances, concluded that no cause of action exists under 35 U.S.C. § 271(e)(2)(A) against parties who have not themselves submitted ANDAs even if they did directly support, participate in and stand to benefit from the submission of those ANDAs. *See Geneva*, 287 F.Supp.2d at 584-85; *Pentech*, 2001 U.S. Dist. LEXIS 1935, *8-10.

In *Pentech*, the third party, Asahi, "collaborated" with the ANDA defendant in the research and development of the generic product that was the subject of the ANDA, provided the active ingredient of the generic product for use in clinical studies in support of the ANDA, "directed and encouraged" both the defendant and the FDA to rely on information it had submitted in support of the ANDA, and stood to be the sole approved manufacturer of the generic ingredient in defendant's generic drug product upon approval of the ANDA. *See Pentech*, 2001 U.S. Dist, LEXIS 1935 at *4-5. Despite this, the court in *Pentech* found the plain language of the statute controlling and concluded that 35 U.S.C. § 271(e)(2)(A) did not allow a claim for direct infringement to be brought against anyone other than the ANDA filer, and refused to allow such a claim to be added against Asahi. *See Pentech*, 2001 U.S. Dist. LEXIS 1935 at *8-10; *See also Geneva*, 287 F.Supp.2d at 584-85. Thus, Rule 12(b)(6) requires dismissal of Reckitt's claims of direct infringement against Watson Pharmaceuticals.

### B.  Reckitt Has Not Alleged (and Cannot Allege) Any Set of Facts Entitling It to Relief Under 35 U.S.C. § 271(b)

Likewise, Reckitt cannot cure its deficient complaint by arguing that its Complaint states a claim against Watson Pharmaceuticals for inducing infringement under 35 U.S.C. § 271(b).

The United States Patent Laws provide that "whoever actively induces infringement of a patent shall be liable as an infringer." *See* 35 U.S.C. § 271(b). However, Courts across the country have repeatedly held that whether or not the submission of an ANDA was induced is not

the proper subject of an action under the Hatch-Waxman Act. *AstraZeneca*, 265 F. Supp. at 217-18 ("an action for aiding and abetting the filing of an ANDA is unavailable."); *see also Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 321 F. Supp. 2d 612, 616 (D. Del. 2004) (inducement under § 271(e)(2) cannot be premised solely on the allegation that a defendant aided and abetted the filing of an ANDA.). Therefore, even if Watson Pharmaceuticals had significant and material involvement in the preparation of the ANDAs in question, that fact would be irrelevant. All that matters is that Watson Pharmaceuticals did not file the ANDAs at issue, and therefore, is not properly subject to suit.

## CONCLUSION

For all of the foregoing reasons, the present action against Watson Pharmaceuticals should be dismissed.

Respectfully submitted,

/s/ Shawn Birken
Shawn L. Birken
**ROTHSTEIN ROSENFELDT ADLER**
401 East Las Olas Blvd., Ste. 1650
Fort Lauderdale, Florida 3301
TEL: 954.315.7213
FAX: 954.527.8663
Email: sbirken@rra-law.com

B. Jefferson Boggs (*Pro Hac* pending)
Timothy A Molino (*Pro Hac* pending)
Matthew L. Fedowitz (*Pro Hac* pending)
**BINGHAM MCCUTCHEN LLP**
2020 K STREET, NW
WASHINGTON, DC 20006-1806
Telephone: 202.373.6000
Fax: 202.373.6001

Attorney for Defendants Watson Pharmaceuticals, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2009 a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Those who are not users or authorized to receive notice this motion shall receive copies via US Mail.

        Respectfully submitted,

        **ROTHSTEIN ROSENFELDT ADLER**
        COUNSEL FOR DEFENDANTS
        LAS OLAS CITY CENTRE, SUITE 1650
        401 East Las Olas Boulevard
        Fort Lauderdale, FL 33301
        TEL: (954) 522-3456
        FAX: (954) 527-8663
        Email: sbirken@rra-law.com

        By: /s/ Shawn L. Birken, Esq.
            Shawn L. Birken, Esq.
            Fla. Bar No.: 418765
            FOR THE FIRM

H:\swrdocs\09-23225\PUBLIC VERSION Watson Labs Motion to Dismiss Florida.doc