UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60609-CIV-DIMITROULEAS/GOODMAN

RECKITT BENCKISER INC.,

    Plaintiff,
v.

WATSON LABORATORIES, INC.
–FLORIDA,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on the Motion of Plaintiff Reckitt Benckiser Inc. ("Reckitt") to compel production of electronic documents in the agreed format and the depositions of Andy Boyer and Rabi Patnaik. (DE# 165.) After reviewing the motion, Defendant Watson Laboratories, Inc. – Florida's ("Watson") response (DE# 171), Dr. Rabindranath Patnaik's ("Dr. Patnaik") response (DE# 172), and Reckitt's reply (DE# 184), and having been otherwise advised of the issues by the parties at hearing on October 21, 2010, the Court grants the motion in part and denies it in other part.

### I. Introduction

Reckitt filed this patent infringement action against Watson on April 24, 2009. Reckitt claims that Watson infringed two pharmaceutical patents held by Reckitt when Watson submitted an Abbreviated New Drug Application to the FDA involving drugs covered by those patents. (DE# 1.) In order to facilitate the discovery for this case, the Parties entered into an agreement under which each side would convert its document production into TIFF images at the producing party's cost. (DE# 165-1.) Several million documents were exchanged under this arrangement, but on July 21, 2010, Watson unilaterally deviated from the agreement by producing approximately 19,000 documents only in native format. (DE# 165.)

1

Watson premised its subsequent refusal to comply with the agreement primarily on a claim that converting the documents was cost-prohibitive due to the document's "minimally responsive" nature. (DE# 171, p. 3.) Reckitt moved to compel primarily on the grounds that fairness dictates holding Watson to the agreement, given that Reckitt fully abided by it already and that unless the Court intervenes Reckitt will be unable to meaningfully review some of the 19,000 disputed documents without spending a considerable sum to convert the documents to TIFF on its own. Moreover, Reckitt stated that the reason it entered into the agreement in the first place was because TIFF documents are more searchable and thus easier to use in a case such as this.

In effect, argues Reckitt, Watson is attempting to shift certain of Watson's discovery costs to Reckitt after Reckitt dutifully made its own voluminous production in TIFF images consistent with the Parties' agreement. On account of what it sees as Watson's unreasonable refusal to abide by the agreement, Reckitt seeks its fees and costs in bringing this motion.

Reckitt also seeks an order from this Court requiring two witnesses to appear for deposition if, after it receives TIFF images of the 19,000 documents and reviews them, Reckitt at that time determines such depositions are necessary. These witnesses are Andy Boyer, Watson's Senior Vice President of Generic Sales and Marketing, who is one of Watson's designated 30(b)(6) witnesses, and Dr. Patnaik, who prior to his retirement served as Watson's Executive Director of Biopharmaceutics.

**II. Watson Must Produce the 19,000 Disputed Documents in TIFF Format**

Watson must reproduce the approximately 19,000 documents at issue in this motion in the agreed upon TIFF format to Reckitt by Wednesday, October 27, 2010.[1] The Court agrees with Reckitt that it would be inequitable to allow Watson to unilaterally

---

[1] At today's hearing, in response to a question from the Court, Watson's counsel advised that it should take "a few days" to make the TIFF conversion.

2

deviate from the Parties' agreement and thereby shift the cost of conversion to Reckitt. Reckitt already incurred its own presumably substantial costs by complying with the agreement. Other than Watson's argument that the documents are "minimally responsive," Watson offered the Court no reason to deny Reckitt's motion to compel.[2]

### III. Reckitt Is Not Entitled To An Order Compelling the Depositions of Boyer and Dr. Patnaik

Reckitt never specifically noticed the individual deposition of Boyer, who is Watson's designated witness on several topics, pursuant to Federal Rule of Civil Procedure 30(b)(6). (DE# 171, p. 5.) Moreover, Watson has never refused to produce him for a deposition under this rule. Under this rule, the party producing the witness is entitled to choose its own representative. Consequently, Reckitt's motion is denied as to Boyer without prejudice.

Reckitt's motion is also denied as to Dr. Patnaik, as it is well established that the appropriate venue for enforcement of a witness subpoena is the district in which it was issued, which in this instance would be the Eastern District of Virginia.

Moreover, Reckitt's counsel advised the Court at the hearing that it might not have to take either deposition. Therefore, the motion as to Boyer is also denied without prejudice, on the additional ground of being premature.

---

[2] Watson's claim that the documents are merely "minimally responsive" is unconvincing. The Federal Rules of Civil Procedure do not lessen a litigant's obligation to respond to discovery simply because the producing party does not believe some documents are as important as others. In fact, such a notion is incompatible with the general right of party to obtain any discovery so long as it is nonprivilleged and relevant to their claims or defenses. FED. R. CIV. P. 26(b)(1). In addition, its argument that it could be financially burdensome to comply with its agreement to convert the documents to TIFF is also unpersuasive. According to the most recently available 10-Q and 10-K reports, Watson's parent company, Watson Pharmaceuticals, Inc., had revenues of almost $2.8 billion last year and had total assets of approximately $5.7 billion as of June 30, 2010. The Court is therefore satisfied that even if the cost of conversion is in excess of $100,000, as Watson claims, Watson will not suffer an undue burden simply by being ordered to comply with an obligation it voluntarily assumed.

**IV. Reckitt Is Not Entitled to Fees and Costs**

Although Watson's refusal to convert the disputed documents at its own expense violated its prior agreement with Reckitt, the Court finds that it was not so unjustifiable as to require an order directing it to pay Reckitt's fees and costs in bringing this motion. Moreover, as to the deposition issue, Watson's opposition to Reckitt's motion was clearly justifiable and therefore Reckitt is not entitled to fees and costs for this portion of its motion either.

**V. Conclusion**

Reckitt's motion to compel is granted to the extent that Watson must convert the approximately 19,000 disputed documents to TIFF format at Watson's expense and reproduce them to Reckitt by the end of business on Wednesday, October 27, 2010. Reckitt's motion is denied without prejudice as to Boyer and denied as to Dr. Patnaik.

DONE AND ORDERED, in Chambers, in Miami, Florida, this 21st day of October, 2010.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record